IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. TODD,

    Petitioner,        No. CIV S-00-1188 FCD JFM P

   vs.

A. A. LAMARQUE, Warden,

    Respondent.       ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 27, 2005, judgment was entered in this court denying the petition. On July 15, 2005, petitioner filed a document entitled "Motion to Vacate Order," in which he requests a thirty-day extension of time to file a "certificate of appealability." The court will construe this document as a request for permission to file a late notice of appeal. The basis for petitioner's request in this regard is "shortage of staff . . . constant lockdown[s] and the threats to the safety and security of this institution."

        The timely filing of a notice of appeal is a jurisdictional requirement. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. See Fed. R. App. P. 4(a). Petitioner's notice of appeal in this action was filed more than thirty days after entry of judgment. However, Rule 4(a)(5) of

1

the Federal Rules of Appellate Procedure provides that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Petitioner's request for extension of time to file a late appeal was filed within thirty days after the expiration of time prescribed by Rule 4(a). After a review of petitioner's motion, the court finds good cause to extend the time for filing a notice of appeal.

Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue." A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issues presented in the instant petition: (1) whether the evidence was insufficient to support petitioner's conviction for aiding and abetting murder by torture; (2) whether the evidence was insufficient to establish proper trial venue in Yolo County; (3) whether the trial judge improperly coerced a guilty verdict on the murder count; (4) whether the trial court erred in

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, at 1010.

failing to instruct the jury on the lesser included offense of involuntary manslaughter; (5) whether the jury instruction on reasonable doubt violated petitioner's right to due process; and (6) whether petitioner's trial counsel rendered ineffective assistance.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's July 15, 2005, "Motion to Vacate Order," construed as a motion for permission to file a late appeal, is granted; and

2. A certificate of appealability is issued in the present action.

DATED: August 2, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
United States District Judge